# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| The United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:17-cv-01493-JMC |
| *ex rel*, ) | |
| ) | **ORDER AND OPINION** |
| Tanja Adams; Kianna Curtis; Mindy Roberts; ) | |
| Ashley Segars; and Tamara Williford, ) | |
| ) | |
| Plaintiff-Relators, ) | |
| ) | |
| v. ) | |
| ) | |
| Remain at Home Senior Care, LLC; ) | |
| Nuclear Workers Institute of America; ) | |
| Brian Carrigan; Tim Collins; Dawn Blackwell; ) | |
| Dr. Francis Jenkins, II; FHJ PULM LLC; ) | |
| Dr. Peter Frank; A.J. Frank; ) | |
| Twilight Health, LLC; ) | |
| and RAH Holdings, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff-Relators ("Relators") bring this *qui tam* action on behalf of the United States and themselves, against Defendants Remain at Home Senior Care, LLC ("RAH"), Nuclear Workers Institute of America ("NWIA"), Brian Carrigan ("Carrigan"), Tim Collins ("Collins"), Dawn Blackwell ("Blackwell"), Dr. Francis Jenkins, II ("Dr. Jenkins"), FHJ PULM, LLC ("FHJ"), Dr. Peter Frank ("Dr. Frank"), A.J. Frank ("A.J. Frank"), Twilight Health, LLC ("Twilight"), and RAH Holdings, LLC ("RAH Holdings") (collectively "Defendants"), pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33. (ECF No. 29.)

1

This matter is before the court pursuant to Defendants Dr. Jenkins' and FHJ's Motion to Dismiss (ECF No. 86).[1]  For the reasons stated herein, the court **GRANTS** this Motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Relators are licensed nurses formerly employed by RAH.  (ECF No. 29 at 4 ¶ 11.)  Relators filed their original complaint on June 7, 2017, alleging that Defendants fraudulently submitted claims to the Department of Labor ("DOL") under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. §§ 7384-85.  (ECF No. 1 at 1-2 ¶ 1.)  The EEOICPA compensates eligible individuals who were diagnosed with certain conditions while employed at specific Department of Energy ("DOE") facilities or awarded benefits under the Radiation Exposure Compensation Act ("RECA"), 42 U.S.C. § 2210.  (*Id.* at 11 ¶ 24.)

On September 16, 2019, Relators filed their Amended Complaint, asserting that Defendants defrauded the United States by: (1) fraudulently recruiting patients to participate in the Division of Energy Employees Occupational Illness ("DEEOIC") Program;[2] (2) fraudulently providing letters of medical necessity to allow patients to receive unnecessary benefits under the EEOICPA; (3) forging signatures on renewal letters of medical necessity for benefits under the EEOICPA; (4) fraudulently inducing illegitimate EEOICPA impairment ratings; (5) receiving

---

[1] The court issued an order on August 26, 2020 granting in part and denying in part Motions to Dismiss filed respectively by Defendants Carrigan, Collins, Blackwell, and Frank (ECF No. 64), Defendants RAH and NWIA (ECF No. 65), and Defendants Twilight and RAH Holdings (ECF No. 66). (ECF No. 94.)  The court dismissed all claims against Carrigan, Blackwell, Frank, NWIA, Twilight, and RAH Holdings as well as the  FCA conspiracy claims (§ 3729(a)(1)(C)) against Collins and RAH.  (*Id.* at 15.)  As a result, the FCA false presentment claim (§ 3729(a)(1)(A)) remains against Collins and the FCA false presentment claim (§ 3729(a)(1)(A)) and retaliation claim (§ 3730(h)) remain against RAH.  (*Id.*) The court issued another order on August 27, 2020 granting Defendant Dr. Frank's Motion to Dismiss (ECF No. 42) and dismissing all claims against him.  (ECF No. 95.)

[2] The DEEOIC Program is a segment of the EEOICPA applicable to DOE employees.  (ECF No. 1 at 1-2 n.1.)

2

kickbacks and paying kickbacks for patient referrals under the EEOICPA; (6) providing illegal payments and gifts to patients in the EEOICPA Program; (7) billing the DOL for EEOICPA home health care provider services that were actually provided by unqualified patient relatives; (8) billing the DOL for registered nurse ("RN") or licensed practical nurse ("LPN") services under the EEOICPA that were actually provided by a certified nurse assistant ("CNA"); (9) billing the DOL for unnecessary medical services under the EEOICPA, and/or; (10) billing the DOL for services not rendered under the EEOICPA. (ECF No. 29 at 1-2 ¶ 1.) Relators support these claims with Exhibit A of the Amended Complaint (ECF No. 29-1) which lists services RAH and NWIA provided to certain patients.

Specifically, Relators allege that Dr. Jenkins provided RAH patients with fraudulent impairment ratings and letters of medical necessity. (ECF No. 29 at 10.) Relators claim that Dr. Jenkins is the Director of the Intensive Care Unit at Athens Regional Medical Center and has a private practice in Athens, Georgia but performed evaluation services for RAH on a part-time basis. (*Id.*) They assert that Dr. Jenkins started as RAH's Medical Director then transitioned to working for RAH as "an independent contractor under FHJ PULM, LLC[.]" (*Id.*) The Amended Complaint contends that Dr. Jenkins certified patient impairment ratings and letters of medical necessity "with inflated description of medical need so that the patient could receive home health care services from RAH paid for by the DOL" in both roles. (*Id.*) Exhibit A lists two instances where Dr. Jenkins "prepared" letters of medical necessity with "inflated" diagnoses and claims that Dr. Jenkins and RAH "illegally prepared" a letter of medical necessity. (ECF No. 29-1 at 4, 12, 5.) Relators also maintain that RAH, Twilight, and RAH Holdings prepare "letters of medical necessity for signatures by Dr. Jenkins when Dr. Jenkins has never seen the patient." (ECF No. 29 at 17.)

3

The Amended Complaint alleges that FHJ is "a corporation established for the purpose of removing Dr. Jenkins one step from RAH." (*Id.* at 11.) It claims that Dr. Jenkins was the only doctor employed by FHJ, FHJ operated out of RAH facilities, and FHJ "certified disability impairment ratings and provided letters of medical necessity to patients it referred to RAH."[3] (*Id.*)

Dr. Jenkins and FHJ filed this Motion to Dismiss (ECF No. 86) on January 2, 2020 and Relators filed their Response in Opposition (ECF No. 87) on January 16, 2020. Defendants filed a Reply (ECF No. 90) on January 23, 2020.

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). Because FCA claims sound in fraud, substantive FCA claims must satisfy both Federal Rule of Civil Procedure 8(a)'s plausibility requirement and Federal Rule of Civil Procedure 9(b)'s particularity standard to survive a motion to dismiss. *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2004 n.6 (2016).

Under Rule 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Rule 9(b) imposes a heightened pleading standard on fraud claims, requiring a plaintiff to

---

[3] Exhibit A does not reference FHJ. (*See* ECF No. 29-1.)

4

"state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Failure to comply "with Rule 9(b)'s particularity requirement for allegations of fraud is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999) (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)).

The FCA is "intended to reach all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). Rule 9(b)'s particularity requirement serves as a necessary counterbalance to the "gravity" and "quasi-criminal nature" of FCA liability since a defendant found in violation of the FCA may be liable for treble damages. *United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 197 (4th Cir. 2018).

Section 3729(a)(1)(A) of the FCA prohibits any person from "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval." In false presentment cases under § 3729(a)(1)(A), a central question is "whether the defendant ever presented a false or fraudulent claim to the government, resulting in a 'call upon the government fisc.'" *Grant*, 912 F.3d at 196 (quoting *Harrison*, 176 F.3d at 785-86). A "claim" is "any request or demand, whether under a contract or otherwise, for money or property that ... is presented to an officer, employee, or agent of the United States." § 3729(b).

A claim submitted based on a violation of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, also constitutes a false or fraudulent claim under the FCA. *See* § 1320a-7b(g). The AKS prohibits making or accepting payments to induce or reward referrals for federally-funded health care services. § 1320a-7b(b). A plaintiff must plead AKS violations with particularity under Rule 9(b). *United States v. Berkeley Heartlab, Inc.*, 247 F. Supp. 3d 724, 730 (D.S.C. 2017)

5

(citing *United States ex rel. Nunnally v. West Calcasieu Cameron Hosp.*, 519 Fed. App'x. 890, 894 (5th Cir. 2013) ("elements of the AKS violation must also be pleaded with particularity under Rule 9(b), because they are brought as a FCA claim")).

Under the FCA, "knowingly" means acting (1) with actual knowledge of falsity of information; (2) in deliberate ignorance of the truth or falsity of that information; or (3) in reckless disregard for its truth or falsity. § 3729(b)(1). Although Rule 9(b) permits knowledge to be "alleged generally" as compared to fraud or mistake, it does not excuse the requirement of a sufficient factual basis to support allegations of knowledge. *Iqbal*, 556 U.S. at 686. The complaint must allege facts sufficient to find the requisite knowledge for FCA liability.

"[T]here are two ways to adequately plead presentment" of a false claim under Rule 9(b). *Grant*, 912 F.3d at 197. First, a relator can "allege with particularity that specific false claims actually were presented to the government for payment." *Id.* (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 457 (4th Cir. 2013)). The relator must, "at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison*, 176 F.3d at 784). Second, the relator "can allege a pattern of conduct that would 'necessarily have led[ ] to submission of false claims' to the government for payment." *Grant*, 912 F.3d at 197 (quoting *Nathan*, 707 F.3d at 457).

To state a cause of action under § 3729(a)(1)(C), a relator must allege that defendants "conspired" to commit a violation of § 3729(a)(1). Therefore, to state a conspiracy claim under the FCA, a relator must show (1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim reimbursed by the government, and (2) at least one act performed

in furtherance of that agreement.  *U.S. ex rel. DeCesare v. Americare In Home Nursing*, 757 F. Supp. 2d 573, 584 (E.D. Va. 2010).  The conspirators must have "shared a specific intent to defraud the Government."  *Id.*

### III.     ANALYSIS

The allegations in the Amended Complaint are insufficient to allege that Dr. Jenkins or FHJ submitted false claims to the government.  Both the claims against Dr. Jenkins and the claims against FHJ suffer from a lack of particularity.  The Amended Complaint makes sweeping conclusory allegations that Dr. Jenkins falsified impairment ratings and letters of medical necessity. (ECF No. 29 at 10-18.)  However, it fails to indicate what claims the fraudulent documents caused to be submitted, the amount of claims the fraudulent documents caused to be submitted, and when the claims the fraudulent documents caused to be submitted were presented to the government. For example, Relators allege that "Dr. Jenkins and RAH illegally prepared Letter of Medical Necessity" twice in Exhibit A.  (ECF No. 29-1 at 4, 5.)  But they do not assert if the fraudulent letter was actually submitted to the DOL, what false claims the letter enabled, or when the false claims the letter enabled were submitted to the DOL.  Relators' claims against FHJ are even less particular.  Exhibit A does not reference FHJ while the only allegation against FHJ in the Amended Complaint is that FHJ "certified disability impairment ratings and provided letters of medical necessity to patients it referred to RAH."  (ECF No. 29 at 11.)  Like the false presentment allegations against Dr. Jenkins, Relators fail to supplement the allegation with necessary details about what false claims the documents caused to be submitted and when the false claims the documents caused to be submitted were presented to the government.  But the allegation also suffers from a larger defect: it fails to even contend that the ratings and letters FHJ prepared were false or fraudulent.

7

Relators' allegations also fail to support the conspiracy claims against Dr. Jenkins and FHJ. Relators make only one explicit conspiracy allegation against Dr. Jenkins. They claim that "RAH and Dr. Jenkins conspired to get patient approved for home healthcare he did not need[.]" (ECF No. 29-1 at 12.) But like Relators' false presentment claims against Dr. Jenkins, this allegation fails to meet Rule 9(b)'s particularity standard. Aside from the conclusory allegation that RAH and Dr. Jenkins "conspired," the Amended Complaint does not allege a sufficient factual basis to suggest that RAH and Dr. Jenkins agreed to submit false claims to the government for reimbursement. (*Id.*) It also does not indicate when RAH and Dr. Jenkins conspired or whether RAH and Dr. Jenkins had a specific intent to defraud the government. Additionally, the general allegations of the Amended Complaint do not suggest that Dr. Jenkins or FHJ conspired to present false claims to the government. The Amended Complaint does not describe any interactions, contracts, or relationships that Dr. Jenkins and FHJ had with the other Defendants that would support the existence of an agreement to submit false claims to the government. It also fails to allege with particularity the contours or duration of such an agreement.

## IV.    CONCLUSION

After a thorough review of the record and Defendants' Motion to Dismiss (ECF No. 86), the court **GRANTS** this Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff-Relators' FCA false presentment claims (§ 3729(a)(1)(A)) and conspiracy claims (§ 3729(a)(1)(C)) against Defendants Dr. Francis Jenkins, II, and FHJ PULM, LLC.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 31, 2020
Columbia, South Carolina