**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| United States of America, *ex rel* Tanja Adams, Kianna Curtis, Mindy Roberts, Ashley Segars, and Tamara Williford, *Relators,* | ) ) ) ) ) | Civil Action No.: 1:17-cv-01493-JMC **ORDER AND OPINION** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Remain at Home Senior Care, LLC and Tim Collins, | ) ) ) | |
| Defendants. | ) ) ) ) | |

Before the court is Defendants' Motion to Compel In-Person Depositions. (ECF No. 150.) Defendants seek "to compel [Plaintiffs] to make their witnesses available for in-person depositions as noticed" because, in an attempt to justify remote depositions, Plaintiffs provided only "generalized concerns regarding the COVID-19 pandemic and statements that some of the witnesses are health care workers[.]" (*Id.* at 3.) Defendants further point out that prior remote depositions in this case suffered from several difficulties and technical issues. (*Id.* at 1-2.)  In response, Plaintiffs insist that "Defendants have not provided any evidence that they would be prejudiced by remote depositions, therefore it is appropriate for this court to order remote depositions in this case." (ECF No. 154 at 4.) For the following reasons, the court **DENIES WITHOUT PREJUDICE** Defendants' Motion to Compel and **ORDERS** that the deposition of Tanja Adams shall be held remotely.[1]

---

[1] Although Defendants seek an Order applicable to all witnesses offered by Plaintiffs, the court limits its ruling solely to the issues surrounding the deposition of Ms. Adams, as the court is aware

Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." While Rule 30 "does not specify the showing that a party must make to support a motion for a remote deposition[,] . . . courts generally have held that the moving party must put forward a legitimate reason" to conduct the deposition remotely." *Macias v. Monterrey Concrete LLC*, No. 3:19-CV-0830, 2020 WL 6386861, at *2 (E.D. Va. Oct. 30, 2020) (citations and internal marks omitted). If the movant makes this showing, "the burden then shifts to the opposing party to show how it would be prejudiced if the deposition were taken in that way." *Id.* (citing *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 280 (D. Md. 2012) ("Where a party opposes a motion requesting that a deposition be conducted by remote means, it must make a 'particularized showing' of prejudice.")). The court has discretion to grant a motion for a remote deposition. *Id.* (citation omitted).

As an initial matter, the court observes that the parties have not stipulated to the remote deposition of Ms. Adams, and there has been no formal request to depose her remotely. However, given that Ms. Adams' deposition is scheduled to occur this upcoming Friday and both sides have adequately briefed this matter, the court construes Plaintiffs' Response as moving for a remote deposition of Ms. Adams. (*See* ECF No. 154 at 2 ("[I]t is appropriate for this [c]ourt to order remote depositions in this case.").) The court first examines Plaintiffs' request before turning to Defendants' Motion to Compel.

Here, the court finds the deposition of Ms. Adams shall be held remotely. Given the reasons proffered by Plaintiffs in their brief and attachments, as well as the imminently-scheduled

---

that Ms. Adams' deposition is scheduled for March 12, 2021. (ECF No. 154 at 2.) As future depositions are scheduled, and if the parties are unable to reach a resolution on their own, the court will examine whether remote depositions are necessary based upon the individual circumstances of the specific participants.

deposition of Ms. Adams, the court concludes legitimate reasons exist to hold this specific deposition remotely. Next, Defendants have not shown prejudice. Although they point to "difficulties" and technical issues that occurred during prior remote depositions and may occur in future remote depositions, including Zoom fatigue, the purported complexity of this case, and the numerosity of documents used during the deposition, such problems appear to be relatively routine and do not necessarily amount to prejudice. (ECF No. 150 at 2.) Further, any confusion about "which documents [are] being referred to by the deponent or the counsel doing the questioning" can be remedied by this court's Order. (*Id.*) Specifically, the court orders that:

> Before displaying the document to the deponent, counsel must first (1) identify it for the record, (2) have it labeled as an exhibit, (3) provide a copy electronically to all other lead counsel, and (4) obtain confirmation that all other lead counsel received the document.[2]

Lastly, the court examines Defendants' Motion to Compel In-Person Depositions.[3]

> [A] Court may levy sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). A party's failure to appear is excused "if the party failing to act has a pending motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2); *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)) ("The proper procedure to object to a Rule 30(b)(6) deposition notice is . . . to move for a protective order.").

*Moses Enterprises, LLC v. Lexington Ins. Co. & AIG Claims, Inc.*, No. 3:19-CV-00477, 2021 WL 329210, at *4 (S.D.W. Va. Feb. 1, 2021). It does not appear Defendants have alleged that any of Plaintiffs failed to appear at a previously-scheduled deposition; rather, it seems they seek to require

---

[2] Maria L. Kreiter, *Stipulated Deposition Protocols to Consider During COVID-19*, https://www.americanbar.org/groups/litigation/committees/business-torts-unfair-competition/practice/2020/stipulated-deposition-protocols-covid-19/ (July 27, 2020).
[3] Defendants state they bring the Motion to Compel "pursuant to Federal Rules of Civil Procedure 37 and 30, as well as Local Rule 37.01[.]" (ECF No. 150 at 1.) Yet all of the cases Defendants cite in support of their argument concern the applicability of a protective order, which is not sought in the instant Motion.

Plaintiffs to make their witnesses available for future in-person depositions. Because Plaintiffs have not yet failed to appear at a properly-serviced deposition, Defendants' Motion to Compel is in all likelihood untimely.[4] Further, even if this Motion is construed as seeking a protective order from Ms. Adams being deposed remotely, the court finds Defendants have not shown good cause to require an in-person deposition of Ms. Adams in this particular instance. *See Robinson v. Brennan*, No. 3:18-CV-3460-MGL-PJG, 2020 WL 6469268, at *2 (D.S.C. Nov. 3, 2020) (explaining a movant must show "good cause" for a protective order's issuance, and the court retains "broad discretion to decide when a protective order is appropriate and what degree of protection is required").

Accordingly, the court **DENIES WITHOUT PREJUDICE** Defendants' Motion to Compel (ECF No. 150) and **ORDERS** that the deposition of Tanja Adams shall be held remotely.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 8, 2021
Columbia, South Carolina

---

[4] In any event, for the reasons discussed above the court declines to compel Plaintiffs to make Ms. Adams available in person for her upcoming deposition. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").