# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| United States of America, *ex rel* Tanja Adams, Kianna Curtis, Mindy Roberts, Ashley Segars, and Tamara Williford, *Relators*, <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>Remain at Home Senior Care, LLC and Tim Collins, <br><br>　　　　　　　Defendants. | Civil Action No.: 1:17-cv-01493-JMC <br><br>**ORDER AND OPINION** |

Before the court is Plaintiff-Relators' ("Plaintiffs") Motion to Compel Defendant Remain at Home Senior Care, LLC ("RAH") to respond to Plaintiffs' Fifth Set of Requests for Production. (ECF No. 198.) RAH filed a Response opposing the Motion. (ECF No. 199.) For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Compel. (ECF No. 198.)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Tanja Adams, Kianna Curtis, Mindy Roberts, Ashley Segars, and Tamara Williford, all licensed nurses formerly employed by RAH, brought a *qui tam* lawsuit against Collins and RAH, RAH's owners, and other individuals and entities alleging that Defendants engaged in illegal referral and fraudulent medical necessity practices and conspired to present these false claims to the government to receive payment from federal health care programs, including the Department of Labor's Division of Energy Employees Occupational Illness Compensation Program, in violation of the Federal False Claims Act. (ECF No. 29 at 1–2 ¶¶ 1–2, 4 ¶ 11, 8–13 ¶¶ 15–25.) Plaintiffs further asserted they each "suffered employment retaliation because of their

1

efforts to stop Defendants' continued violations of the False Claims Act, 31 U.S.C. §§ 3729–3733." (*Id.* at 2 ¶ 3, 4 ¶ 11.) Plaintiffs filed the instant Motion to Compel Discovery from RAH on August 6, 2021. (ECF No. 198.) RAH filed a Response in Opposition to the Motion on August 13, 2021. (ECF No. 199.)

## II.     LEGAL STANDARDS

### A. Discovery Generally

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense, and (3) proportional to the needs of the case. *E.g.*, *Gordon v. T.G.R. Logistics, Inc.*, Case No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). "While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" *Wilson v. Decibels of Or., Inc.*, No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted)).

A discovery request is relevant "if there is any possibility that the information sought might be relevant to the subject matter of [the] action." *Wilson*, 2017 WL 1943955, at *5 (quoting *Jones v. Commander, Kan. Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)). "While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been 'broadly construed to encompass any possibility that the information sought may be relevant to

the claim or defense of any party.'" *Martin v. Bimbo Foods Bakeries Distrib., LLC*, 313 F.R.D. 1, 5 (E.D.N.C. 2016) (quoting *EEOC v. Sheffield Fin. LLC*, No. 06-889, 2007 WL 1726560 (M.D.N.C. June 13, 2007)) (internal citations omitted). "Relevance is not, on its own, a high bar." *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). Rule 26's proportionality requirement "mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Gilmore v. Jones*, No. 3:18-cv-00017, 2021 WL 68684, at *3–4 (W.D. Va. Jan. 8, 2021). Such considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("[T]he discovery rules are given 'a broad and liberal treatment[.]'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B. <u>Motions to Compel</u>

If a party fails to make a disclosure required by Rule 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order

3

compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Oppenheimer v. Episcopal Communicators, Inc.*, No. 1:19-cv-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020). "Thus, once the moving party has made 'a *prima facie* showing of discoverability,' the resisting party has the burden of showing either: (1) that the discovery sought is not relevant within the meaning of Rule 26(b)(1); or (2) that the discovery sought 'is of such marginal relevance that the potential harm . . . would outweigh the ordinary presumption of broad discovery.'" *Gilmore*, 2021 WL 68684, at *3–4 (quoting *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016)).

The court has broad discretion in deciding to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (internal citation omitted); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986).

### III.     ANALYSIS

Plaintiffs seek to compel responses from RAH to Requests for Production Nos. 75 and 76, contained within Plaintiffs' Fifth Set of Requests for Production from RAH. (ECF No. 198 at 2, 4.) RAH contends that it has fulfilled its responsibilities with respect to these requests and therefore Plaintiffs' Motion should be denied. (ECF No. 199 at 2.)

A. <u>Request for Production No. 75</u>

Request No. 75 asks for "non-privileged communications between [RAH] and Nuclear Care Partners, LLC related to the employment of Mindy Roberts, Susan James and/or Tamara Feagin, including but not limited to drafts of any mediated settlement agreement, a signed copy of any mediated settlement agreement, and any demand letter." (ECF No. 198 at 2.) RAH asserts

4

that it is not in possession of any responsive letters or a signed settlement agreement, although it is in possession of "draft correspondence and a draft settlement agreement which are being withheld pursuant to the attorney-client and work product privileges." (ECF No. 199 at 1.)

Under Rule 26(b)(5), a party desiring to withhold "information otherwise discoverable" on the basis that the information "is privileged or subject to protection as trial-preparation material" must provide an index of the withheld documents. Fed. R. Civ. P. 26(b)(5). "To comply with the requirements set forth in Rule 26(b)(5)(A), a party seeking protection from producing documents must produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.'" *AVX Corp. v. Horry Land Co., Inc.*, No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264 (D. Md. 2008)).

The court finds that RAH has not satisfied these requirements as the to "draft letter" it purports to withhold. Neither of the parties' filings included documents for *in camera* review or a privilege log identifying the name of the intended recipient of the communication, the date or place of the communication, and the document's general subject matter, and RAH has not otherwise provided the court with information sufficient to make a determination as to whether the withheld document is protected from discovery.

Additionally, as to the settlement agreement draft, a confidential settlement agreement is discoverable when it is "at least[ ] reasonably calculated to lead to the discovery of admissible evidence." *Oakridge Assocs., LLC v. Auto-Owners Ins. Co.*, No. 310CV145DCK, 2010 WL 3788058, at *2 (W.D.N.C. Sept. 23, 2010) (quoting *Polston v. Eli Lilly & Co.*, 2010 WL 2926159,

5

at *1 (D.S.C. July 23, 2010)). Moreover, the United States Court of Appeals for the Fourth Circuit "has never recognized a settlement privilege or required a particularized showing in the context of a subpoena for confidential settlement documents." *Polston*, 2010 WL 2926159, at *1; *see Townsend v. Nestle Healthcare Nutrition, Corp.*, No. 3:15-cv-06824, 2016 WL 1629363, at *5 (S.D. W. Va. Apr. 22, 2016) ("[C]ourts within the Fourth Circuit have generally declined to recognize a federal settlement privilege.") (compiling cases). RAH's possession of a draft of a settlement agreement does not provide for further protection than if it possessed a signed agreement. *See United States v. Naegele*, 468 F. Supp. 2d 165, 171 (D.D.C. 2007) ("[D]raft bankruptcy filings are no more entitled to protection on the basis of privilege than are the filings actually made.") (citing *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)).

As such, discoverability of the settlement agreement draft turns on its relevance. Plaintiffs assert the requested documents are relevant to show that Defendants knew in 2014 that they were illegally engaging in the conduct at issue in this case and have knowingly continued to engage in such conduct. (ECF No. 198 at 3.) RAH does not dispute relevance in its Response to Plaintiffs' Motion (ECF No. 199). Accordingly, the court **GRANTS** Plaintiffs' Motion to Compel RAH's response to Request for Production No. 75.

B. Request for Production No. 76

Request No. 76 asks for "documents reflecting the placement of [patient name redacted] in a hotel by [RAH] or any related entity." (ECF No. 198 at 4.) RAH contends that it has "made a good faith effort to locate any such documents, and it could not find any." (ECF No. 199 at 2.) Further, RAH avers that because this patient was not one of the individuals identified in the First Amended Complaint, Plaintiffs' request is irrelevant and not proportional to the needs of the case. (*Id.*) In assessing the adequacy of RAH's response to Request No. 76, the court observes that there

is no evidence before it that RAH possesses and is withholding relevant documents, and the court cannot compel RAH to produce documents it does not possess.[1] *See e.g.*, *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) ("Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist"). Therefore, the court **DENIES** Plaintiffs' Motion to Compel RAH to respond to Request No. 76 without prejudice.[2]

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Compel.  (ECF No. 198.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 14, 2022
Columbia, South Carolina

---

[1] Because RAH has attested that it is not in possession of responsive documents, the court does not address the proportionality or relevance of this request.

[2] If RAH comes into possession of relevant documents, it is directed to supplement its responses as appropriate.