**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| United States of America, *ex rel* Tanja Adams, Kianna Curtis, Mindy Roberts, Ashley Segars, and Tamara Williford, *Relators*, <br><br> Plaintiffs, <br><br> v. <br><br> Remain at Home Senior Care, LLC and Tim Collins, <br><br> Defendants. | Civil Action No.: 1:17-cv-01493-JMC <br><br> **ORDER AND OPINION** |

Before the court is Defendant Remain at Home Senior Care, LLC's ("RAH") Motion to Compel Answers to its Second Set of Interrogatories ("Second Interrogatories"). (ECF No. 200.) Plaintiff-Relators ("Plaintiffs") filed a Response (ECF No. 201) to which RAH submitted a Reply (ECF No. 208). For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** RAH's Motion to Compel (ECF No. 200), and **ORDERS** Plaintiffs to respond to Interrogatory Nos. 2(a)–(e) and 3(a)–(e) in RAH's Second Interrogatories within twenty-one (21) days of entry of this order.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Tanja Adams, Kianna Curtis, Mindy Roberts, Ashley Segars, and Tamara Williford, all licensed nurses formerly employed by RAH, brought a *qui tam* lawsuit against Collins and RAH, RAH's owners, and other individuals and entities alleging that Defendants engaged in illegal referral and fraudulent medical necessity practices and conspired to present these false claims to the government to receive payment from federal health care programs, including the Department of Labor's Division of Energy Employees Occupational Illness Compensation

1

Program, in violation of the Federal False Claims Act. (ECF No. 29 at 1–2 ¶¶ 1–2, 4 ¶ 11, 8–13 ¶¶ 15–25.) Plaintiffs further asserted they each "suffered employment retaliation because of their efforts to stop Defendants' continued violations of the False Claims Act, 31 U.S.C. §§ 3729–3733." (*Id*. at 2 ¶ 3, 4 ¶ 11.)

On August 24, 2021, RAH filed a Motion to Compel Answer to Second Interrogatories. (ECF No. 200.) Plaintiffs filed a Response (ECF No. 201) on September 7, 2021 and RAH filed a Reply (ECF No. 208) on September 10, 2021.

## II.     LEGAL STANDARDS

A. <u>Discovery Generally</u>

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense, and (3) proportional to the needs of the case. *E.g.*, *Gordon v. T.G.R. Logistics, Inc.*, No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). "While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" *Wilson v. Decibels of Or., Inc.*, No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted)).

A discovery request is relevant "if there is any possibility that the information sought might be relevant to the subject matter of [the] action." *Wilson*, 2017 WL 1943955, at *5 (quoting *Jones v. Commander, Kan. Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)). "While

Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been 'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Martin v. Bimbo Foods Bakeries Distrib., LLC*, 313 F.R.D. 1, 5 (E.D.N.C. 2016) (quoting *EEOC v. Sheffield Fin. LLC*, No. 06-889, 2007 WL 1726560 (M.D.N.C. June 13, 2007)) (internal citations omitted). "Relevance is not, on its own, a high bar." *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). Rule 26's proportionality requirement "mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Gilmore v. Jones*, No. 3:18-cv-00017, 2021 WL 68684, at *3–4 (W.D. Va. Jan. 8, 2021). Such considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("[T]he discovery rules are given 'a broad and liberal treatment[.]'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B. <u>Motions to Compel</u>

If a party fails to make a disclosure required by Rule 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Oppenheimer v. Episcopal Communicators, Inc.*, No. 1:19-cv-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020). "Thus, once the moving party has made 'a *prima facie* showing of discoverability,' the resisting party has the burden of showing either: (1) that the discovery sought is not relevant within the meaning of Rule 26(b)(1); or (2) that the discovery sought 'is of such marginal relevance that the potential harm . . . would outweigh the ordinary presumption of broad discovery.'" *Gilmore*, 2021 WL 68684, at *3–4 (quoting *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016)). The court has broad discretion in deciding to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (internal citation omitted); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986).

### III.     ANALYSIS

RAH contends that Plaintiffs' responses to its Second Interrogatories, which contain three (3) questions to each Plaintiff, were both untimely and completely deficient, and requests an order compelling full and complete responses. (ECF No. 200 at 1–2.) Plaintiffs respond that RAH has exceeded the permissible number of interrogatories and now requests duplicative information that Plaintiffs have already provided. (ECF No. 201 at 3.)

4

A. <u>Waiver of Objections</u>

First, RAH avers that Plaintiffs waived any objections to the Second Interrogatories by serving untimely responses. (ECF No. 200 at 2.) A party responding to interrogatories must answer or object to each interrogatory within thirty (30) days of being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). An untimely objection is waived "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Plaintiffs assert they have not waived objections because they had good cause to serve their responses less than four (4) business days late. (ECF No. 201 at 3.) The court finds that Plaintiffs have stated sufficient good cause to excuse their late response. *See* Fed. R. Civ. P. 33(b)(4). Plaintiffs contend one of their attorneys returned from medical leave on July 26, 2021, two (2) days before Plaintiffs' responses were due. (*Id.* at 4.) Plaintiffs' counsel communicated with Defendants' counsel regarding the delay on July 30 and submitted responses on August 3, 2021. (*Id.* at 2.) As such, the court finds that Plaintiffs have stated sufficient good cause to excuse their late responses.

B. <u>Number of Interrogatories</u>

Next, RAH disputes Plaintiffs' objection to the number of interrogatories, stating that it did not exceed the permissible number of interrogatories and that Plaintiffs waived any right to assert that the First Interrogatories contained impermissible discrete subparts. (ECF No. 200 at 3.) Federal Rule of Civil Procedure 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

As an initial matter, the court finds Plaintiffs waived their objections to the First Interrogatories by answering them. *See, e.g.*, *Romanyk Consulting Corp. v. EBA Ernest Bland Assocs., P.C.*, No. AW–12–2907, 2013 WL 3280030, at *6 (D. Md. June 26, 2013) ("By answering some interrogatories and not answering others, defendants waived their objection that plaintiff had

5

exceeded the number allowed in the rule.") (citation omitted); *Allavherdi v. Regents of Univ. of N.M.*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be[en] propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the Defendants waived this objection.").

Plaintiffs have not, however, waived their objection to the number of interrogatories RAH may serve for the remainder of this case and the court will consider the subparts of RAH's Second Interrogatories.  In determining whether subparts should be considered as separate interrogatories, "[a]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, but an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 572–73 (D. Md. 2010) (citations omitted).  Courts within the United States Court of Appeals for the Fourth Circuit apply the test outlined in *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (D. Nev. 1997).  *See Rawl v. S.C. Dep't of Soc. Servs.*, No. 2:14-cv-02772-DCN, 2015 WL 6725169, at *2 (D.S.C. Nov. 3, 2015).  In *Kendall*, the court analyzed an interrogatory asking for identification of certain employment qualifications and, also, asking for identification of any document in which the qualifications are articulated. *Kendall*, 174 F.R.D. at 686–87.  The court determined that

> the first question asks for a description of qualifications. The second question asks for a description of documents. The first question can be answered fully and completely without answering the second question. The second question is totally independent of the first and not "factually subsumed within and necessarily related to the primary question." *See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660–661 (D. Kan. 1996). The second question is really a fugitive request for production of documents and the discovery effort would be better served in that format.

6

*Id.* at 686. District courts in other circuits have also found that interrogatories requesting documents are distinct. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004); *Freeman v. Motorola Solutions, Inc.*, No. 6:19-cv-2116-ORL-78GJK, 2020 WL 10319159, at *10 (M.D. Fla. Oct. 7, 2020); *Cook v. City of Dallas*, No. 3:12-cv-3788-N, 2017 WL 9534098, at *2 (N.D. Tex. Apr. 10, 2017); *Phillips v. Clark Cty. Sch. Dist.*, No. 2:10-cv-02068-GMN, 2012 WL 135705, at *7 (D. Nev. Jan. 18, 2012).

The court has reviewed RAH's interrogatories and finds that the majority of the subparts in RAH's Second Interrogatories elicit details concerning the primary question to which they relate. The court considers the subparts asking for identification of documents, however, as distinct interrogatories. RAH's Second Interrogatories include three (3) interrogatories containing six (6) subparts to each Plaintiff. (ECF Nos. 200 at 1, 200-1 at 3–5.) Each interrogatory contains a subpart F, asking for "[e]ach document or tangible thing which relates to, reflects, or refers to" the main topic of that question. (*Id.*) The court finds that subpart F of each of these interrogatories is a discrete subpart that should be considered a separate interrogatory. In its Reply to Plaintiffs' Response, RAH states that if this court agrees that interrogatories requesting documents are distinct, "RAH hereby withdraws any request for documents in its Second Interrogatories if Relators will answer the requests for information." (ECF No. 208 at 3.) Accordingly, Plaintiffs are not required to respond to the requests for documents contained within subpart F of each interrogatory in RAH's Second Interrogatories. Therefore, RAH's Second Interrogatories only constitute three (3) additional questions as to each Plaintiff.[1]

---

[1] The court notes that RAH's First Interrogatories to Plaintiff Segars included twenty-three (23) interrogatories, thereby three (3) additional questions would exceed the permissible number of interrogatories if not for the court's ruling below that Interrogatory No. 1 is duplicative of prior discovery.

C. <u>Duplicative Requests</u>

Finally, RAH disputes Plaintiffs' objection that its Second Interrogatories are duplicative of those asked during the first round of interrogatories and during Plaintiffs' depositions. Upon review of RAH's First Interrogatories, the court finds Interrogatory No. 1 in RAH's Second Interrogatories duplicative of prior discovery requests. As such, the court sustains Plaintiffs' objection as to Interrogatory No. 1 and Plaintiffs are not required to answer this interrogatory. Plaintiffs have not brought to the court's attention prior interrogatories or specific excerpts from deposition transcripts illustrating that Interrogatory Nos. 2 and 3 are duplicative of prior discovery, and, as such, the court cannot make a determination as to those interrogatories. *See Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y. 1969) ("it is not the Court's function to sift [through] the depositions or responses to determine whether the interrogatories are sufficiently answered therein; rather, the movant is obliged to indicate exactly where in the depositions or responses the answers to the interrogatories may be found.").

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** RAH's Motion to Compel (ECF No. 200), and **ORDERS** Plaintiffs to respond to Interrogatory Nos. 2(a)–(e) and 3(a)–(e) in RAH's Second Interrogatories within twenty-one (21) days of entry of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 19, 2022
Columbia, South Carolina

8